UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:10-CR-00034-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| DENNIE WAYNE TAYLOR, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 107.] Defendant Dennie Wayne Taylor has been charged with three violations of his supervised release for committing three separate state crimes. *Id*. at 1. Mr. Taylor was arrested on December 15, 2017, for Assault in the Fourth Degree, in violation of KRS § 508.030, for striking the side of Bradley Barrett's head on November 29, 2017. *Id.* On December 20, 2017, Mr. Taylor was charged with Criminal Mischief in the Second Degree, in violation of KRS § 512.030, for causing damage to a vehicle belonging to Michelle Asher on December 15, 2017. *Id*. at 2. Mr. Taylor was also arrested again on December 20, 2017, for violating an Emergency Protective Order, in violation of KRS § 403.763. *Id.* All three crimes are Class A Misdemeanors. *Id.*

At Mr. Taylor's final revocation hearing held on January 10, 2018, Ms. Asher testified to her romantic relationship with Mr. Taylor. *Id.* at 2–3. According to Ms. Asher, she and Mr. Taylor began their relationship in August of 2017, and they began cohabitating the next month. *Id.* at 3. Shortly after, she became pregnant with Mr. Taylor's child. *Id.* She attempted to keep

their relationship secret because he was a former client of her employer, and such a relationship would result in her termination. *Id.* However, on November 23, 2017, Mr. Taylor took Ms. Asher's phone and exposed their relationship to her employer, her friends, and her family, forcing Ms. Asher to resign her position two days later. *Id.* Then, on November 29, 2017, Ms. Asher met with Mr. Taylor to discuss a meeting with his probation officer before meeting with Bradley Barrett, a friend with whom she used to live, to pay a bill. *Id.* Mr. Taylor followed her, blocked their cars, and begin punching Mr. Barrett several times. *Id.* at 4.

Ms. Asher went to the gynecologist on December 13, and Mr. Taylor accompanied her. *Id.* The two argued, and he threatened her and Mr. Barrett. *Id.* Ms. Asher obtained an Emergency Protection Order on December 14, 2017. *Id.* The Protective Order Summons was served on Mr. Taylor the next day, but he attempted to contact her via Facebook. *Id.* at 4–5. After passing her on Highway 80, Mr. Taylor followed her to a parking lot and began to hit her car with a large rock. *Id.* at 5. The cost to repair this damage totaled $692.57. *Id.*

At the hearing, Mr. Taylor did not produce any evidence to contradict Ms. Asher's testimony, and his probation officer, Officer Nick Jones, testified that her testimony was consistent with his previous conversations with her. *Id.* at 6. Instead, Mr. Taylor attacked Ms. Asher's credibility, claiming that she was angry for losing her job and that she had reciprocated threatening behavior toward Mr. Taylor. *Id.* at 7. Subsequently, Judge Ingram prepared a Report and Recommendation which evaluates the relevant 18 U.S.C. § 3553 factors.

Even with some minor discrepancies in her testimony, Judge Ingram found Ms. Asher's testimony credible. *Id.* at 8. Based on this testimony, Judge Ingram found by a preponderance of the evidence that the substantive elements of each crime had been established. *Id.* The Government argued for revocation with fourteen months of incarceration followed by twenty-

two months of supervised release, the remainder of Mr. Taylor's initial term. *Id.* at 9. Mr. Taylor disagreed, requesting a term of incarceration within the appropriate Guideline Range, but with half of that term to be served in home or community incarceration, followed by an additional term of supervised release. *Id.* Judge Ingram determined Mr. Taylor's Guideline Range resulted in a term of imprisonment from five to eleven months. *Id.* at 10; U.S.S.G. § 7B1.4(a). Based on Mr. Taylor's history and the severity of both the underlying conviction and the violations, Judge Ingram determined a term of imprisonment above the Guideline Range was appropriate, and ultimately recommends that this Court sentence Mr. Taylor to fourteen months of incarceration, followed by twenty-two months of supervised release. *Id.* at 14–15. In addition to the conditions previously imposed for supervised release, Judge Ingram also recommends the following additional conditions:

1. That Mr. Taylor be prohibited from contacting Michelle Asher, except for matters regarding their child, and then only with prior approval from the United States Probation Office; and
2. That Mr. Taylor be required to attend mental health treatment to address his anger issues upon his release.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time period by either party. Mr. Taylor filed notice that he had no objections to the Report and Recommendation and has waived his right to allocution. [R. 108.]

Generally, this Court must make a *de novo* determination of those portions of the Report

and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 107**] as to Defendant Dennie Wayne Taylor is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Taylor is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Mr. Taylor's Supervised Release is **REVOKED**;

4. Mr. Taylor is hereby sentenced to a term of incarceration of **fourteen (14) months**;

5. Upon completion of the term of incarceration, Mr. Taylor is hereby sentenced to a term of supervised release of **twenty-two (22) months** under the conditions outlined above; and

6. Judgment shall enter promptly.

This the 2d day of February, 2018.

Gregory F. Van Tatenhove
United States District Judge