UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:10-CR-00034-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| DENNIE WAYNE TAYLOR, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 128.] Defendant Dennie Wayne Taylor has been charged with two violations of his supervised release.

On March 2, 2011, this Court sentenced Mr. Taylor to 110 months imprisonment for aiding and abetting the possession of items used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. [R. 66.] On November 1, 2015, Mr. Taylor's sentence was reduced to ninety-nine months pursuant to 18 U.S.C. § 3582(c)(2). [R. 71.] He began his three-year term of supervised release on July 28, 2017. On December 21, 2017 the United States Probation Office (USPO) informed the Court that the Defendant violated his Supervised Release conditions by committing three separate state crimes, including Assault Fourth Degree – Minor Injury, Criminal Mischief Second Degree, and violation of an Emergency Protective Order. [R. 109.] This Court revoked Defendant's term of supervision on February 2, 2018 and sentenced him to fourteen months imprisonment, followed by twenty-two months of supervised release. [*Id.*] Defendant began his second supervised release term on January 15, 2019.

On January 24, 2020, USPO issued a Supervised Release Violation Report that charges Defendant with two violations, which initiated these proceedings. On January 23, Defendant provided an observed urine sample to a probation officer which tested positive for the use of methamphetamine on an instant testing device. Defendant admitted to using methamphetamine on January 19. Due to these recent events, USPO charged Defendant with two violations. Violation #1 charges Defendant with violating a mandatory condition that states he must refrain from any unlawful use of a controlled substance. This is a Grade C violation. Violation #2 charges Defendant with violating two mandatory conditions that state that the defendant shall not commit another federal, state, or local crime and must not unlawfully possess a controlled substance. This is a Grade B violation.

Magistrate Judge Hanly Ingram conducted an initial appearance on the alleged supervised release violations on February 11. [R. 125.] The United States moved for interim detention, and Mr. Taylor did not argue for release. [*Id.*] Judge Ingram found detention appropriate pursuant to 18 U.S.C. § 3143(a). [*Id.*] Judge Ingram held a final revocation hearing, where Mr. Taylor entered a knowing, voluntary, and intelligent stipulation to all violations. [R. 127.] Parties also presented their recommended sentences to the Court. [R. 128 at 3.] The United States recommended revocation with a twenty-month term of imprisonment with no supervised release to follow. [*Id.*] Counsel for Mr. Taylor recommended treatment in lieu of incarceration followed by supervised release. [*Id.*] In the alternative, defense requested a sentence within the Guidelines Range. [*Id.*]

With Mr. Taylor's criminal history category of III and Grade B violation[1], Judge Ingram

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

calculated his Guidelines Range to be eight to fourteen months. [*Id*. at 6.] The Government emphasized the nature and circumstances of the original sentence, noting that the Defendant had the capacity to produce 97.88 grams of actual methamphetamine. [*Id*. at 3.] The Government also pointed out that Mr. Taylor's revocation conduct and the underlying offense are similar and he was sentenced below the Guideline Range at his original sentencing. [*Id*.] In addition, the Government stressed the Defendant's long history of methamphetamine use and criminal record that also includes DUIs. [*Id*.] Finally, the Government argued that the Defendant has once again violated the Court's trust and "has not put forth any serious effort to improve his life and utilize the resources provided to him by the USPO and the Court." [*Id*. at 4.]

Defense counsel argued that treatment was the proper disposition in this matter because Defendant has an inability to say "no" when drugs are made available to him. [*Id*. at 5.] Defendant has held a job with CTA Acoustics for almost a year before his arrest, which shows he is a hard worker. [*Id*.] Defense also stressed that Mr. Taylor was unable to participate in the Residential Drug Abuse Program while in the custody of the BOP because he was ineligible. [*Id*.] Defendant has undergone outpatient treatment in the past, but states that it was not enough to overcome his addiction. [*Id*.] Counsel also emphasized that the dangerousness suggested by Defendant's violations is overstated because there was no danger to anyone other than himself. [*Id*. at 4.]

Subsequently, Judge Ingram prepared a Report and Recommendation which evaluates the relevant 18 U.S.C. § 3553 factors. The Court *must* revoke Mr. Taylor because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The only exception to this mandate would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d);

*Crace*, 207 F.3d at 835. After consideration of the nature and circumstances of Mr. Taylor's conviction, as well as his history and characteristics, Judge Ingram determined that "nothing in the record supports application of the exception, especially given the assertion by Defendant during his previous revocation proceedings that he had overcome his addiction and did not need further treatment." [R. 128 at 7.] Therefore, Judge Ingram found revocation to be appropriate. [*Id.*]

Judge Ingram noted the seriousness of Mr. Taylor's underlying offense and the need to deter future criminal conduct, pointing to the relation between the underlying offense and present violations. [*Id.* at 8.] Judge Ingram also considered the history and characteristics of the Defendant. [*Id.*] Defendant has a criminal history category of III and has shown to be irresponsible since he was unable to maintain his last employment due to the present violations. [*Id.*] This is not first time Defendant's supervised release has been revoked, as it was previously revoked for the commission of three separate crimes that included violent behavior. [*Id.*] His criminal history also includes terroristic threatening, theft, menacing, resisting arrest, and DUIs. [*Id.*] This record of violence is concerning and shows the Court a need to protect the public. [*Id.*] Another factor Judge Ingram considered is the need for training and treatment, since Mr. Taylor has possessed a bad attitude towards treatment in the past. [*Id.* at 9.] Judge Ingram notes that Mr. Taylor can be assessed for treatment upon his release from custody. [*Id.*]

Finally, Judge Ingram correctly noted that the primary wrong in the supervised release context is the violation of the Court's trust by the Defendant and the secondary wrong is the particular conduct at issue. [*Id.*] Judge Ingram found Taylor's breach of trust to be significant. [*Id.*] Mr. Taylor tested positive for the use of methamphetamine after he was given a lenient sentence at his original sentencing and violated his supervised release once already. [*Id.*]

4

Nevertheless, Judge Ingram ultimately recommends that the Court re-impose supervised release following revocation. [*Id*. at 10.] He finds this sentence to be appropriate because "an additional term of supervised release is warranted due to Defendant's violent history and to afford him another opportunity to utilize the resources necessary to allow him to contribute to society in a meaningful manner." [*Id*. at 9.] Citing these concerns, Judge Ingram recommends revocation of Taylor's supervised release with a sentence of fourteen months imprisonment, followed immediately by eight months of supervised release. [*Id*.] The Court agrees with this recommendation, and echoes Judge Ingram's concern about this breach of the Court's trust and Defendant's struggle with addiction.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Taylor has not filed any objections to Judge Ingram's Report and Recommendation [R. 129] and has filed a waiver of allocution [R. 129-1].

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 128**] as to Defendant Dennie Wayne

Taylor, is **ADOPTED** as and for the Opinion of the Court;

     2.     Mr. Taylor is found **GUILTY** of all violations;

     3.     Mr. Taylor's Supervised Release is **REVOKED;**

     4.     Mr. Taylor is hereby **SENTENCED** to a term of incarceration of fourteen months;

     5.     Followed by eight months of supervised release maintaining all of Defendant's original terms of supervision; and

     6.     Judgment shall enter promptly.

This the 10th day of March, 2020.

Gregory F. Van Tatenhove
United States District Judge